## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DONOVAN DEMOND HOLMES,

      Petitioner,

v.                                                    CASE NO:    8:02-CR-440-T-30MSS
                                                                  8:04-CV-2072-T-30MSS

UNITED STATES OF AMERICA,

      Respondent.

_____/

## <u>ORDER</u>

Petitioner moves to vacate his sentence pursuant to 28 U.S.C. § 2255, challenging the validity of his 51-month sentence for possession of a firearm by a convicted felon (CV Dkt. 1). Petitioner contends his guidelines sentence was erroneously calculated and that his counsel was ineffective for refusing to file an appeal. The Court has undertaken the review required by Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2005),[1] and finds, for reasons set forth below, that service of the motion is not required.

### Background

Petitioner was indicted on October 31, 2002, with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2)  (CR Dkt. 1).  Because Petitioner was indigent, on January 8, 2003, the Court appointed counsel to represent him pursuant to the Criminal

---

[1]Rule 4(b) provides, in pertinent part, that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

Justice Act, 18 U.S.C. § 3006A  (CR Dkt. 12).   On February 12, 2003, represented by court-appointed counsel, Petitioner entered into a negotiated plea agreement (Dkt. 17).

On March 14, 2003, Petitioner, represented by counsel, appeared before a federal magistrate judge and, pursuant to the terms of his plea agreement, entered a plea of guilty as charged in the indictment (CR Dkt. 20).  Petitioner was sentenced on September 9, 2003, to a term of 51 months imprisonment, to be followed by a 36-month term of supervised release  (CR Dkt. 32).  Judgment was entered the same day.  Since Defendant did not file an appeal, his conviction became final on September 19, 2003.  *See Adams v. United States*, 173 F.3d 1339, 1343 n.2 (11th Cir. 1999) (citing *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final. . . on the date on which the time for filing such an appeal expired.")).

On August 23, 2004, Petitioner filed a § 2255 motion asserting the following grounds for relief:

1.   In calculating his guidelines sentence, the Court attributed enhancement points to him that were unwarranted under *Blakely v. Washington*.[2]

2.   Trial counsel was ineffective for failing to file an appeal, as instructed by Petitioner.

The Court finds, for reasons set forth below, that the motion is subject to summary dismissal.

### Standard of Review

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject

---

[2]*Blakely v. Washington*, 542 U.S. __, 124 S.Ct. 2531, 2537 (2004).

to collateral attack.  28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 185 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *See United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *see Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack,  *see United States v. Broce*, 488 U.S. 563, 569 (1989). This waiver includes constitutional claims. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).  Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."  The Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

### Evidentiary Hearing

The Court has carefully reviewed the record and concludes that Petitioner is not entitled to an evidentiary hearing. *See Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. § 2255). No hearing is required when the record establishes that a § 2255 claim

lacks merit, *see United States v. Lagrone*, 727 F.2d 1037, 1038 (11th Cir. 1984), or that it is

defaulted, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991). Petitioner has not established any basis

for an evidentiary hearing because the issues he raises in his § 2255 motion are waived.

### Discussion

The crux of Petitioner's complaint is that the sentence he received is higher than he expected

to receive when he executed the plea agreement.   Petitioner negotiated an agreement with the

Government regarding the disposition of his criminal charges and entered a guilty plea pursuant

thereto. In his written plea agreement, Petitioner expressly waived his right to appeal any sentence

imposed:

> . . .directly or collaterally, on any ground, including the applicability of the "safety
> valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an
> upward departure by the sentencing judge, a sentence above the statutory maximum,
> or a sentence in violation of the law apart from the sentencing guidelines; provided,
> however, that if the government exercises its right to appeal the sentence imposed,
> as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and
> may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Dkt. 17 at 10.  In short, Petitioner waived his right to appeal any factual or legal finding made by

the Court in calculating the appropriate guideline range, unless the Court upwardly departed or the

Government appealed.

In the plea agreement, Petitioner was placed on notice that the firearms charge carried a

maximum sentence of ten (10) years imprisonment and a term of supervised release of three (3)

years (Dkt. 17 at 1).  Petitioner was sentenced in accordance with the sentencing guidelines to 51

months imprisonment, which was not an upward departure nor above the statutorily authorized

maximum sentence of 10 years.  *See* 18 U.S.C. §§ 922(g) and 924(a)(2)  (providing, *inter alia*, that

any person who knowingly possesses a firearm in and affecting interstate commerce who has been

convicted of a crime punishable by imprisonment for a term exceeding one year "shall be

4

imprisoned not more than 10 years. . . ."). The Government did not file an appeal. Thus, Petitioner's waiver of his right to challenge the guidelines sentence is controlling. *See Williams v. United States*, 396 F.3d at 1342; *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

A guilty plea is not "a mere gesture, a temporary and meaningless formality reversible at the defendant's whim. . . , but a 'grave and solemn act,' which is 'accepted only with care and discernment.'" *United States v. Hyde*, 520 U.S. 670, 677 (1997) (citation omitted).  One of the consequences of Petitioner's plea agreement is his waiver of the right to appeal his sentence, directly or *collaterally*.  In this circuit, "[a] plea agreement is, in essence, a contract between the Government and a criminal defendant.  Among the considerations that a defendant may offer as part of such a contract is waiver of her right to appeal, provided that the waiver is made knowingly and voluntarily. . . . [t]he plea agreement is . . . enforceable." *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999) (citation omitted).  *See also United States v. Pease*, 240 F.3d 938, 942 (11th Cir. 2001) (finding that "[b]ecause the weight attribution falls squarely within the appeal waiver, [defendant] waived his right to appeal this issue.").  Petitioner does not challenge the validity of the plea agreement.

Enforcing the appeal waiver is merely holding Petitioner to the bargain he made.  He bargained with the Government and agreed to plead guilty to being a convicted felon in possession of a firearm in exchange for the Government's promise to not charge him with committing any other federal criminal offenses related to the conduct giving rise to the plea agreement.  An otherwise valid plea is not involuntary because it was induced by a defendant's desire to limit the charges he would face if he proceeded to trial.

The imposition of a sentence greater than that expected by Petitioner, or predicted by his counsel, alone, is not adequate grounds for vacating the sentence under 28 U.S.C. § 2255.  *See*

*United States v. Frontero*, 452 F.2d 406, 411 (5th Cir. 1971) (finding that ordinarily, a defendant cannot "rely on the promise of the prosecutor, who has no authority to make sentencing promises, or on the inaccurate representations of an overzealous attorney."); *Berlanga v. United States*, 394 F.2d 615 (5th Cir. 1968); *Floyd v. United States*, 260 F.2d 910, 912 (5th Cir. 1958), *cert. denied*, 359 U.S. 947 (1959) ("It has nowhere been held that if counsel advises his client in good faith that a plea of guilty will result in a recommendation of a lighter sentence . . . this strips a plea of its voluntary nature."). *See also United States v. Pallotta*, 433 F.2d 594, 595 (1st Cir. 1970) (finding that a "[m]ere prediction by counsel of the court's likely attitude on sentence, short of some implication of an agreement or understanding, is not ground for attacking a plea.") (quoting *Domenica v. United States*, 292 F.2d 483, 485 (1st Cir. 1961)).   Petitioner was not promised anything that he did not receive, and he has received no punishment greater than that originally assigned him in the plea agreement.

### Conclusion

Because "it plainly appears from the face of the motion . . . and the prior proceedings in the case that [Petitioner] is not entitled to relief," his § 2255 motion is subject to summary dismissal. *See* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts (2005).

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's motion to vacate, set aside, or correct an allegedly illegal sentence (CASE NO. 8:04-CV-2072-T-30MSS) is **DENIED**.

2.      The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on May 16, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record

SA:jsh

S:\PDF TEMP FILE\02-cr-440.order.frm